# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEBBY GENTHNER, | ) | 1:16-cv-00350-DAD-BAM |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING APPLICATION TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| v. | ) | (Doc. 2) |
| | ) | |
| ROBERT HEDRICK, et al., | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING DISMISSAL OF ACTION |
| Defendants. | ) | WITH PREJUDICE |
| | ) | |
| | ) | FOURTEEN-DAY DEADLINE |
| | ) | |
| | ) | |

## SCREENING ORDER

Plaintiff Debby Genthner ("Plaintiffs") proceeds pro se in this civil action filed on March 14, 2016. Plaintiff's complaint is currently before the Court for screening.

### Request to Proceed without Payment of Fees

Plaintiff is proceeding pro se and has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

### Screening Requirement

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

Plaintiff brings suit against former police officer Robert Hedrick, the City of Fresno, the Fresno Police Department, and various known and unknown officers of the Fresno Police Department, including Sergeant Williams, Detective Jason Bogard, Officer Michael Toepfer, Detective Wilkin, Sergeant Nina Jacobs, Supervisor Paul Preston, and Officer Borego

The basis of Plaintiff's complaint involves multiple allegations of rape and intentional bodily injury perpetrated by Defendant Hedrick, including on July 24, 2010 and March 14, 2014. Plaintiff also alleges that the Fresno Police Department failed to properly investigate the rapes and process rape kits, stalked and harassed her, stole and publicly released a private book she

wrote and saved on her personal computer, and monitored her telephone calls and computer activity.

Plaintiff asserts the following claims:  rape and bodily injury, negligence, stalking, theft of intellectual property, invasion of privacy, defamation, libel and slander, and negligent and intentional infliction of emotional distress.  As relief, Plaintiff seeks issuance of a warrant for Robert Hedrick's arrest, an investigation into the Fresno Police Department, an order stopping Robert Hedrick and unknown individuals from coming into her home and drugging, raping, and harming her while she is sleeping, an order stopping Robert Hedrick, the Fresno Police Department and unknown individuals from keeping her under surveillance in her home, a full investigation into the corruption and coercion between the Fresno Police Department, the Fresno County Superior Court and the Fifth Appellate District.  Plaintiff also seeks compensatory and punitive damages.

### Discussion

The instant federal action is the not the first attempt by Plaintiff to bring suit against Defendants Robert Hedrick and the City of Fresno involving multiple allegations of rape perpetrated by Robert Hedrick, along with allegations that the Fresno Police Department monitored her telephone calls and computer activity, failed to investigate the rapes, stole and publicly released a private book she wrote and saved on her personal computer and stalked and harassed her.  *See*, *e.g.*, *Genthner v. City of Fresno*, 2016 WL 68937, *1-2 (Cal. Ct. App. Jan. 5, 2016) (unpublished), rev. den'd (Mar. 26, 2013).

According to state appellate proceedings, on January 24, 2011, Plaintiff filed a civil suit in Fresno County Superior Court against the City of Fresno and R.H, a police officer with the Fresno Police Department.  The suit involved multiple allegations of rape perpetrated by R.H., along with allegations that the Fresno Police Department monitored her telephone calls and computer activity, failed to investigate the rapes, stole and publicly released a private book she wrote and saved on her personal computer, and stalked and harassed her.  The trial court granted the City's demurrer, but allowed Plaintiff an opportunity to amend her complaint.  Plaintiff filed a first amended complaint on August 29, 2011.  The trial court again granted the City's demurrer

with leave to amend.  When Plaintiff failed to file an amended complaint, the action was dismissed with prejudice.  *Genthner*, 2016 WL 68937, at *1.

On April 1, 2014, after the alleged March 14, 2014 rape at issue here, Plaintiff filed another complaint against the City of Fresno and R.H., which included almost all of the same claims as her 2011 complaint.  Plaintiff alleged that she was raped in 2010 and 2013 by R.H. and other unknown men.  She also alleged that the Fresno Police Department failed to investigate the rapes, publicly released a copy of her book, stalked and harassed her, and placed viruses on her personal computer and laptop rendering them inoperable.  On May 1, 2014, the City of Fresno filed a demurrer, which the trial court granted without leave to amend.  *Id.* at 2.  The trial court's decision was affirmed on appeal on January 5, 2016, and the California Supreme Court denied Plaintiff's request for review on March 23, 2016.  *Id.*

## A.      Plaintiff's Claims are Barred by Claim Preclusion

In light of Plaintiff's state court proceedings, the Court finds that the instant federal action is barred by the doctrine of claim preclusion.[1]  When determining the preclusive effect of a state-court judgment, a federal court must look to the laws of the state where the judgment was rendered.  *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892 (1984). In California, claim preclusion applies if (1) the second lawsuit involves the same "cause of action" as the first, (2) the first lawsuit resulted in a final judgment on the merits, and (3) the party claim preclusion is being asserted against was a party, or in privity with a party, to the first lawsuit. *Bernhard v. Bank of Am. Nat. Trust & Sav. Ass'n*, 19 Cal.2d 807, 812 (1942); *Planning & Conservation League v. Castaic Lake Water Agency*, 180 Cal. App.4th 210, 226 (2009).

Here, the elements of claim preclusion are satisfied.  First, the claims in the instant action are virtually identical to the claims raised in the state court action and include assertions of rape and intentional bodily harm, stalking, theft of intellectual property, defamation, invasion of

---

[1]  The United States Supreme Court uses the term "res judicata" to refer both to claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). However, the California Supreme Court generally uses the term "res judicata" to refer to claim preclusion, and the term "collateral estoppel" to refer to issue preclusion. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 797, 108 Cal.Rptr.3d 806, 230 P.3d 342 (2010); *Green v. Central Mortg. Co.*, ___F.Supp.3d ___, 2015 WL 7734213, at *7 n.2 (N.D. Cal. Dec. 1, 2015).

privacy, negligence and negligent and intentional infliction of emotional distress.  *Genthner*, 2016 WL 68937 at *1; Doc. 1.  California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty. *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)) (quotation marks omitted). If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery. *Id.* (citing *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983)).  In this instance, both actions rely on the same underlying injuries to Plaintiff and the same wrongs by the defendants, including that Robert Hedrick allegedly raped Plaintiff on multiple occasions and that the Fresno Police Department and its officers allegedly failed to investigate the rapes, publicly released a copy of her book, stalked and harassed her, and interfered with her computer and phones.  That Plaintiff was able to identify formerly unknown police officers does not alter the determination that she is complaining of the same injuries and the same wrongs as in her state court action.

Second, it is evident that the state court action resulted in a final judgment dismissing Plaintiff's complaint with prejudice, and her subsequent state court appeals have been denied. Third, and finally, it is apparent that Plaintiff, the party against whom claim preclusion is to be applied, was a party to the state court lawsuit.

For these reasons, the Court finds that Plaintiff's federal action is barred on grounds of claim preclusion and should be dismissed.

**B.  Plaintiff's Complaint Seeks Duplicative Relief**

The Court also finds that Plaintiff's requested relief is duplicative of that sought in *Genthner v. Smith*, *et al.*, Case No. 1:16-cv-00301-DAD-SAB, which was filed on March 4, 2016.  In that action, Plaintiff requested, among other things, a warrant to be issued for Robert

Hedrick's arrest; a full investigation of the Fresno Police Department; a full investigation of the corruption and coercion between the Fresno Police Department and the Fresno County Superior Court and the Fifth Appellate District Court; an order stopping Robert Hedrick and unknown individuals from coming into her home and drugging, raping and harming her while she sleeps; and an order stopping Robert Hedrick, the Fresno Police Department and unknown individuals from keeping her under surveillance.  As the relief requested in this action is duplicative of that sought in *Genthner v. Smith*, this is an additional ground for dismissal of this action with prejudice.  Plaintiff cannot continue to seek redress for the same injuries in multiple suits.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, as barred by claim preclusion.  This action also seeks relief duplicative of that in *Genther v. Smith*, *et al.*, Case No. 1:16-cv-00301-DAD-SAB.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**April 22, 2016**__          ____/s/ *Barbara A. McAuliffe*____
                                       UNITED STATES MAGISTRATE JUDGE