UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBBY GENTHNER,

Plaintiff,

v.

ROBERT HEDRICK, et al.,

Defendants.

No. 1:16-cv-00350-DAD-BAM

ORDER

Plaintiff Debby Genthner ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this civil action filed on March 14, 2016.

On April 22, 2016, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed with prejudice because it is barred by claim preclusion. Those findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within fourteen (14) days after service thereof. (Doc. 3). Plaintiff filed objections to the findings and recommendations on May 9, 2016. (Doc. 4.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case, including plaintiff's objections. Generally speaking, claim preclusion is an affirmative defense that must be raised and established by a defendant in order to forestall a plaintiff's case. *See, e.g.*, *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) ("Claim preclusion, like issue preclusion, is an affirmative defense. Ordinarily, it is incumbent on the

defendant to plead and prove such a defense, and we have never recognized claim preclusion as an exception to that general rule.") (citations omitted); *see also Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 328 (9th Cir. 1995) ("Claim preclusion is an affirmative defense which may be deemed waived if not raised in the pleadings."). Moreover, the Ninth Circuit has cautioned against the *sua sponte* dismissal of cases on claim preclusive grounds. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054–55 (9th Cir. 2005) ("As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds where the records of that court show that a previous action covering the same subject matter and parties had been dismissed. However, where no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar *sua sponte*, thereby eroding the principle of party presentation so basic to our system of adjudication.") (emphasis, citations, and quotations omitted).

The Ninth Circuit was primarily concerned about in *Headwaters*, however, was the erosion of a party's opportunity to be heard prior to the raising of a preclusion bar. *Headwaters Inc.*, 399 F.3d at 1055 ("Our research failed to find a single case in which this court has upheld a dismissal for claim or issue preclusion where the parties were not given any opportunity to be heard on the issue. "). Here, in contrast, plaintiff was given a full opportunity to be heard, and indeed has filed objections to the findings and recommendations. (Doc. No. 4.) Plaintiff claims in her objections that her state court case was not appealed and therefore the state trial court's error in dismissing her case was not reviewed and corrected. (Doc. No. 4 at 31.) However, plaintiff's conclusory statement is belied by the state court record. *See Genthner v. City of Fresno*, Case. No. F070039, 2016 WL 68937 (Cal. Ct. App. Jan. 5, 2016). Further, where the court is aware of a potentially preclusive decision, it is consistent with the interests in finality, conservation of judicial resources, and protecting litigants from multiple lawsuits for the court to examine the preclusive nature of a prior judgment *sua sponte*. *McClain v. Apodaca*, 793 F.2d 1031, 1033–34 (9th Cir. 1986). Accordingly, the findings and recommendations will be adopted in full.

/////

For all of the reasons set forth above:

1. The findings and recommendations issued on April 22, 2016 are adopted in full;

2. This action is dismissed with prejudice; and

3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **August 10, 2016**

Dale A. Drozd
UNITED STATES DISTRICT JUDGE